SUKERT v. HALPERIN et al.

(Supreme Court, Appellate Division, Second Department.   July 27, 1911.)

1. MUNICIPAL CORPORATIONS (§ 819*)—OBSTRUCTIONS PLACED IN STREET—ACTIONS—EVIDENCE.

In an action by a child for injuries caused by the falling of window frames which were claimed to have been negligently left on the sidewalk by defendants, evidence *held* not to have made out a prima facie case for plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.*]

2. MUNICIPAL CORPORATIONS (§ 819*)—OBSTRUCTIONS IN STREETS—ACTIONS—EVIDENCE.

In an action by a child for injuries caused by the falling of window frames which were claimed to have been negligently piled on the sidewalk by defendant, evidence *held* not to sustain the burden of establishing negligence which was upon plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.*]

Appeal from Trial Term, Kings County.

Action by Beckie Sukert, an infant, by Philip Sukert, her guardian ad litem, against Louis Halperin and another.   From a judgment for plaintiff, defendants appeal.   Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Solomon S. Schwartz, for appellants,
L. B. Boudin, for respondent.

RICH, J.   The defendants appeal from a judgment in an action to recover for a personal injury alleged to have been sustained in consequence of their negligence in placing or allowing window frames to remain upon a sidewalk in front of the residence of plaintiff's parents, which fell upon her while at play.   The case was submitted to the jury as an action for negligence.   At the close of the evidence, the defendants moved to dismiss the complaint upon the ground, among others, that the plaintiff had failed to prove negligence on the part of the defendants.   The motion was denied and exception taken. I am unable to find any evidence in the record establishing negligence on the part of the defendants, and am therefore of the opinion that this exception presents reversible error.

[1] The plaintiff was an infant three years and three months old at the time of the accident.   Between 2 and 3 o'clock in the afternoon of the day it happened, she was permitted by her mother to go out on the sidewalk to play, in charge of her grandmother, an old lady who was living with her son, plaintiff's father.   There were some window frames standing upon the sidewalk, leaning against the house, which plaintiff's mother testified had been there for two or three days before the accident, which occurred on July 1st.   The defendants were erecting a building on the opposite side of the street.   No eyewitness of the accident was sworn, and there is no evidence as to how it occurred.   The grandmother testified that she heard a shout, looked

around, and saw that the plaintiff was lying on the walk with the frames on top of her. She says:

"I did not see how the frame fell upon the child. The first thing that I noticed was after the shout went up, and then I looked around."

This was the only evidence relating in any manner to the cause of the accident or how it happened. It was wholly insufficient to establish a prima facie case of negligence against the defendants, and the motion for the dismissal of the complaint ought to have been granted.

[2] There is another reason why the judgment must be reversed. The burden of establishing negligence rested upon the plaintiff, and the only evidence connecting the defendants with the window frames which fell upon the plaintiff is that of her mother, who testifies that some time before the accident window frames were placed by some one upon her walk, and she told one of the defendants to take them away, which he did, and that after the accident Lensky, defendants' watchman, took away the frames that had fallen upon plaintiff. Both of the defendants deny ever having had such a conversation with plaintiff's mother, and both testify positively that they never knew or had any information that any of the window frames delivered for use in their building had been placed on the walk in front of the premises occupied by Mrs. Sukert. Lensky, who had not been in defendants' employ for three years before he was sworn as a witness, testified that he never carried any window frames to defendants' building from the opposite side of the street and never saw or knew of any being there. The driver who delivered the frames and sash testified that with a single exception they were all taken into the building in process of erection. The one exception was a load of sash which he delivered a couple of days before the 1st of July, and on arriving at the building and calling the watchman he did not answer, and the witness drove across the street and put the sash one on top of the other, on the walk, locking them so they could not fall apart. The time these frames were so placed coincides with the testimony of plaintiff's mother that they had been there two or three days before the accident, and establishes that they are the frames that fell upon the plaintiff. The evidence of this witness, who was not in defendants' employ, but was employed by the firm from whom the sash was purchased, is uncontradicted. There is no proof that the defendants knew of such delivery, and they cannot be charged with negligence in the absence of such proof. In addition, several persons employed by defendants upon the building testify that they never knew of any frames, sash, or other material being placed or piled on the other side of the street prior to the accident. The learned justice presiding at the trial correctly charged the jury that the burden of proof was on the plaintiff to show how the accident happened, and that it occurred solely through the negligence of the defendants. This burden the plaintiff did not sustain, and I think the verdict is without evidence to support it.

Judgment and order reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and HIRSCHBERG and WOODWARD, JJ., concur. BURR, J., concurs upon the last ground stated in the opinion.